IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------X
                                                 :
JUDY MILLER                                      :          3:12 CV 1363 (JBA)
                                                 :
V.                                               :
                                                 :
MASSAD-ZION MOTOR SALES CO., INC &               :          DATE: JUNE 16, 2014
STEVEN ZION                                      :
-------------------------------------------------X
```

RULING ON PLAINTIFF'S MOTION TO COMPEL

On September 21, 2012, plaintiff Judy Miller commenced this Title VII lawsuit against

defendant Massad-Zion Motor Sales Co., Inc. ["Defendant Dealership"] and one of its owners,

Steven Zion ["Defendant Zion"], regarding plaintiff's termination from the Defendant

Dealership as an advertising agent, after the cessation of her relationship with Defendant

Zion.   (Dkt. #1).  Plaintiff's complaint raises five counts: sexual harassment in violation of

Title VII (Count One), sexual harassment in violation of the Connecticut Fair Employment

Practices Act (Count Two), tortious invasion of privacy (Count Three), intentional infliction

of emotional distress (Count Four), and negligent infliction of emotional distress (Count Five).

On December 20, 2012, defendants filed their Answer, with eleven affirmative defenses.

(Dkt. #20).

On May 2, 2014, U.S. District Judge Janet Bond Arterton referred this file to this

Magistrate Judge for discovery.  (Dkt. #42; see also Dkts. ##33-34, 36-39, 43, 46).  On May

6, 2014, plaintiff filed the pending Motion to Compel Discovery (Dkt. #44),[1] and affidavit of

---

[1]The following six exhibits are attached: copy of case law; copy of correspondence
between counsel, dated April 15, 2014 (Exh. A); copy of Plaintiff's Second Request for Production
of Documents, dated February 7, 2014 (Exh. B); copy of Defendants' Supplemental Responses and
Objections to Plaintiff's Second Requests for Production of Documents, dated April 2, 2014 (Exh.
C); excerpts from the deposition of Defendant Zion, taken on January 15, 2014 (Exh. D)["Zion
Depo."]; and copy of Defendants' Responses and Objections to Plaintiff's Second Requests for
Production of Documents, dated March 7, 2014 (Exh. E).

counsel, sworn to May 6, 2014 (Dkt. #45), as to which defendants filed their brief in opposition three weeks later.  (Dkt. #47).[2]  On June 10, 2014, plaintiff filed her reply brief (Dkt. #48) and affidavit of counsel (Dkt. #49).[3]  The next day, plaintiff filed an Amendment to her reply brief (Dkt. #50), as well as  an amended affidavit from plaintiff's counsel, sworn to June 11, 2014. (Dkt. #51).[4]

Three categories of documents are at issue in this ruling.[5]

1.  REQUEST FOR PRODUCTION NO. 5 – MONTHLY DEALERSHIP PREPARED FINANCIAL STATEMENTS OF DEFENDANT DEALERSHIP

In her motion, plaintiff contends that despite defendants having agreed to produce these monthly financial statements from 2008 through 2011, none were produced.  (Dkt. #44, at 1-2 & Exhs. A-E).   In their brief in opposition, defendants represent that they instead have provided their annual financial statements from 2008 to 2011, which they describe as "contain[ing] a monthly breakdown of the used and new car sales, along with the net profit for each of the [twelve] months and for the entire year, as well as other data." (Dkt. #47, at 1-3 & Exh. A).   Defendants further indicate that these documents contain the relevant information and data sought by plaintiff, "in lieu of the cumbersome task of producing [forty-eight] monthly financial statements[,]" which are approximately six pages each.  (Id. at 2-3).  According to defendants, these yearly financial documents support their

---

[2]Attached as Exh. A is a copy of Defendants' Second Supplemental Responses to Plaintiff's Second Requests for Production of Documents, dated May 27, 2014.

[3]Four exhibits are attached: copy of Wireless Service Application, dated November 22, 2008 (Exh. A); copy of Confidentiality Stipulation and Agreement, dated May 20, 2014 (Exh. B); excerpts from the deposition of David G. Massad II, taken on October 22, 2013 (Exh. C); and additional excerpts from the Zion Deposition (Exh. D).

[4]The same four exhibits are attached.  See note 3 supra.

[5]The parties appear to have resolved the issue regarding Defendant Zion's Apple laptop in Request for Production No. 8.  (See Dkt. #44, at 2 & Exhs. A-E; Dkt. #47, at 3 & Exh. A).

2

contention that the Defendant Dealership suffered a "financial decline" during the economic crisis in late 2008, followed by the Tsunami in Japan and Toyota recalls in 2010-11. (<u>Id.</u> at 2).   Defendants have expressed a willingness to provide copies of these documents to the Court for an <u>in camera</u> review.  (<u>Id.</u>).

In her reply brief, plaintiff questions whether production of approximately three hundred pages by defendant is "too burdensome to copy and retrieve," in that defendant attached 268 pages to their Second Supplemental Response, and contends that the monthly statements "provide a more accurate and detailed insight of the car dealership's finances . . . than that of the annual financial statements."  (Dkt. #48, at 3).  Moreover, plaintiff points to the deposition of David Massad, a co-owner of the Defendant Dealership, who testified, contrary to Defendant Zion, that the Defendant Dealership did not experience any economic or financial difficulties in 2011, which would have been reflected in the monthly statements. (<u>Id.</u> at 3-4; Dkts. ##49 & 51, Exhs. C-D).

It appears that the best manner in which to proceed is to have defendants forward to this Magistrate Judge, for her <u>in camera</u> review, a copy of the 2011 annual financial statement, as well as six months of the monthly financial statements during 2011, by way of example, to determine whether all the relevant information is captured in the annual statement, as argued by defendants, or whether there is indeed "more accurate and detailed" information in the monthly statements, as argued by plaintiff.  Defendants shall forward such statements to this Magistrate Judge's Chambers **on or before June 30, 2014**.

<u>2.  REQUESTS FOR PRODUCTION NOS. 11-12 – COPIES OF CREDIT CARD STATEMENTS FOR BOTH DEFENDANTS FROM 2006 TO 2011</u>

Plaintiff argues that Defendant Zion has an obligation to obtain copies of his credit

card statements from 2006 to 2011, particularly because the Defendant Dealership did not have any of its own credit cards.  (Dkt. #44, at 2-3 & Exhs. A-C, E).   In their brief in opposition, defendants have responded that plaintiff's request is "far-reaching and overbroad" in that plaintiff already has been provided with "the billing records and service contract from the GPS tracking service provider, both of which show that [Defendant Zion's] personal American Express card was charged for the purchase of the tracking device and the subsequent tracking service that was provided."  (Dkt. #47, at 3-4).

In her reply briefs, plaintiff contends that defendants only produced part of the November 2008 and December 2008 American Express credit card statements, that they should not be allowed "to cherry pick which pages of the credit card statements" will be produced for plaintiff, and "[a]t minimum," the entire statements for those two months should be produced, "as well as any reimbursements requested or received by [Defendant] Zion[]" during that time period, and that both defendants' names appear on the credit card and the Defendant Dealership's address is the only billing address for this credit card.  (Dkt. #48, at 1-2; Dkt. #50, at 1-2; Dkts. ##49 & 51, Exh. A).

Again, it appears that the best course of action is for defendants to forward to the Magistrate Judge's Chambers, for her in camera review,  a complete copy of the November 2008 and December 2008 credit card statements, as well as a comprehensive list of any reimbursements requested or received by Defendant Zion during these two months. Defendants shall forward such documents to this Magistrate Judge's Chambers **on or before June 30, 2014**.

3.  REQUESTS FOR PRODUCTION NOS. 7, 13 & 16 – COPIES OF ANY CHECKS FROM DEFENDANT DEALERSHIP TO DAVID MASSAD OR TO DEFENDANT ZION, OUTSIDE OF PAYROLL FROM 2008 TO 2011 & REQUEST NO. 15 – COPIES OF ANY YEAR-END TAX RETURNS FOR DEFENDANT DEALERSHIP, DEFENDANT ZION AND DAVID MASSAD FROM 2008 TO 2011

In her motion, plaintiff asserts that copies of these checks are necessary "in order to, inter alia, determine what expenses were assumed by [Defendant Zion] in his role as an agent of the business[,]" and the tax returns are necessary to test Defendant Zion's contention that the Defendant Dealership suffered a "financial hardship[]" during this time period.  (Dkt. #44, at 3-4 & Exhs. A-E).   With respect to Request No. 13, even though they already have provided a copy to plaintiffs, defendants represent that they are willing to submit to this Magistrate Judge, for her in camera review, approximately two hundred pages of Defendant Zion's reimbursement requests (presumably with respect to the issue of sufficiency), and they object to Requests Nos. 7 and 15 as "far-reaching, cumulative, irrelevant and beyond the scope of . . . plaintiff's claims."  (Dkt. #47, at 4-6 & Exh. A).

With respect to Requests Nos. 13 and 16, defendants shall submit copies of Defendant Zion's reimbursement requests to this Magistrate Judge's Chambers for her in camera review, as well as the Defendant Dealership's tax returns for 2011 in Request No. 15, to ensure that they are not at variance with the annual financial statement for that year. Defendants shall forward these documents to this Magistrate Judge's Chambers **on or before June 30, 2014**.   The Magistrate Judge agrees that there is no apparent reason, at this time, for the production of documents responsive to Request No. 7, or the personal tax returns of Defendant Zion or David Massad.[6]

---

[6]The Magistrate Judge may reconsider this point if the in camera review so warrants.

4.  SUMMARY AND FUTURE SCHEDULING ORDER

Accordingly, for the reasons stated above, plaintiff's Motion to Compel Discovery, filed May 6, 2014 (Dkt. #44) is <u>granted in part with respect to Requests for Production Nos. 5, 11-13, 15 (regarding the Defendant Dealership only) and 16 to the extent that an in camera review by this Magistrate Judge is ordered, but is denied with respect to Request for Production Nos. 7 and 15 (with respect to Defendant Zion and David Massad)</u>.

This Magistrate Judge's electronic ruling, filed May 5, 2014 (Dkt. #43) extended the deadline for the completion of discovery until June 30, 2014, the filing of all dispositive motions until July 31, 2014, and in the absence of a dispositive motion, the filing of the Joint Trial Memorandum until August 8, 2014.   In light of this Ruling, these deadlines are further extended so that all discovery shall be completed **on or before August 29, 2014**; after a pre-filing/status conference has been held before Judge Arterton, all dispositive motions shall be filed **on or before September 30, 2014**; if no dispositive motions are filed, then the Joint Trial Memorandum shall be filed **on or before October 10, 2014**.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).

6

Dated at New Haven, Connecticut, this 16th day of June, 2014.


  /s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis
United States Magistrate Judge