IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
JUDY MILLER                                    :         3:12 CV 1363 (JBA)
:
V.                                                     :
:
MASSAD-ZION MOTOR SALES CO., INC &   :         DATE: JULY 2, 2014
STEVEN ZION                                    :
------------------------------------------------------------X

RULING FOLLOWING IN CAMERA REVIEW

The factual and procedural history behind this litigation has been set forth in some detail in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed June 16, 2014 (Dkt. #52)["June 2014 Discovery Ruling"], familiarity with which is presumed. The June 2014 Discovery Ruling provided that all discovery shall be completed on or before August 29, 2014, that all dispositive motions shall be filed on or before September 30, 2014 (after a pre-filing conference has been held), and that if no dispositive motions are filed, then the Joint Trial Memorandum shall be filed on or before October 10, 2014.  (At 6). The ruling also ordered defendants to submit three categories of documents for the Magistrate Judge's in camera review.  (At 2-5).  On June 30, 2014, plaintiff filed a Limited Objection (Dkt. #53),[1] to this ruling, "for the limited purpose of requesting the Court, upon its examination of [d]efendants' credit card statement for November and December 2008, also review the location of the purchases made by . . . [D]efendant . . . Zion, as [the location is] relevant to [his] whereabouts prior to and on November 13, 2008 and November 22, 2008."   (At 1). Plaintiff contends that this time period is relevant because defendant Zion has represented

---

[1]Attached is an affidavit from plaintiff's counsel, sworn to June 27, 2014 ["Shea Aff't"], attached to which are the following two documents: excerpts from the deposition of Defendant Steven Zion, taken on January 15, 2014 (Exh. A); and GPS tracking records.  Also attached is plaintiff's affidavit, also sworn to June 27, 2014 ["Plaintiff's Aff't"], attached to which is a copy of the vehicle history report for the 2008 Toyota Highlander driven by plaintiff (Exh. A).

that he purchased the wireless GPS service for the tracking of plaintiff's vehicle on November 22, 2008, but credit card statements indicate that Defendant Zion was in Miami Beach from November 14 through 17, 2008, and could not have brought the car in for service during that time, as he claimed he did.  (Id. at 1-3; Shea Aff't, Exhs. A-B; Plaintiff's Aff't, Exh. A).

On June 27, 2014, defendants delivered a cover letter, dated June 26, 2014, and a notebook with 1.5 inches of documents, divided into five categories.[2]  The June 2014 Discovery Ruling ordered defendants to submit a copy of the Defendant Dealership's 2011 annual financial statement as well as six months of monthly financial statements during 2011.  (At 2-3).  Exhs. A-B to the June 26th letter contain these documents.  The monthly financial statements contain six pages – the first page is in the same format as the annual financial statement, the second and third pages contain back-up financial information and the fourth through sixth pages contain financial information broken down by model name.  After a careful in camera review, the Magistrate Judge orders defendants to produce the first through third pages of each monthly financial statement, as some of the information provided could be relevant to the issues raised here; however, the fourth through sixth pages are completely irrelevant.

The June 2014 Discovery Ruling further ordered defendants to submit a complete copy of the November 2008 and December 2008 credit card statements, as well as a comprehensive list of any reimbursements requested or received by Defendant Zion during these months.  (At 3-4).  In their cover letter, defendants represent that they are awaiting a complete copy of Defendant Zion's credit card statement for those two months, but have

---

[2]In his cover letter, defendant Zion represents that he has requested a complete copy of his November-December 2008 credit card reports from American Express; these reports are expected shortly and will be forwarded to this Magistrate Judge for an additional in camera review.

submitted his requests for reimbursement for those two months, to which are attached portions from these bills. Exh. C to the June 26th letter contain these documents.[3] With respect to plaintiff's request in her Limited Objection, there are only four entries during the time period November 13 to 22, 2008 that are relevant: on the third page, the last entry, dated 11/15/08; on the ninth page, the top entry, dated 11/17/08; and on the ninth page, the first two entries for 11/19/08.[4] After a careful in camera review, the Magistrate Judge concludes that no additional production is necessary, other than the four entries just specified above.[5]

The June 2014 Discovery Ruling lastly ordered defendants to submit copies of Defendant Zion's reimbursement requests, as well as Defendant Dealership's tax returns for 2011. (At 5). Exhs. D-E to the June 26th letter contain these documents. After a careful in camera review, as just stated, no further production is necessary with respect to the reimbursement requests.[6] In contrast, the 2011 tax return must be produced, in that financial data in the annual financial statement does not track all the items in the tax return; however, defendants need not produce the two Schedule K-1's provided to Defendant Zion and David Massad.

Because this ruling is subject to review, see 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED.

---

[3]The Magistrate Judge notes that a good number of these charges apparently were generated by plaintiff's own use of a credit card, and Defendant Zion does appear to run up significantly large charges for restaurants (both business and personal), travel (both business and personal), and gifts and entertainment for his staff.

[4]These four entries are also found in Exh. D.

[5]Additional documents will be submitted for an in camera review shortly. See note 2 supra.

[6]The same observation is made as in note 3 supra.

R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit)**, the notebook will remain in this Magistrate Judge's Chambers.  If either party files an objection to this ruling, then the documents will be filed **under seal** and forwarded to Judge Arterton's Chambers for her in camera review.  If no objection is filed, then the documents will be returned to plaintiff's counsel.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

Dated at New Haven, Connecticut, this 2nd day of July, 2014.

                                                /s/ Joan G. Margolis, USMJ
                                                Joan Glazer Margolis
                                                United States Magistrate Judge