IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
JUDY MILLER                                   :          3:12 CV 1363 (JBA)
                                              :
V.                                            :
                                              :
MASSAD-ZION MOTOR SALES CO., INC &             :         DATE: OCTOBER 6, 2014
STEVEN ZION                                   :
---------------------------------------------------------X

RULING ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER AND TO QUASH
PLAINTIFF'S NOTICE FOR A FURTHER DEPOSITION OF DEFENDANT STEVEN ZION AND
ON PLAINTIFF'S REQUEST [FOR] LEAVE TO REOPEN DEPOSITION

The factual and procedural history behind this litigation has been set forth in some detail in this Magistrate Judge's Ruling on Plaintiff's Motion to Compel, filed June 16, 2014 (Dkt. #52), Ruling Following In Camera Review, filed July 2, 2014 (Dkts. ##54, 56), and Ruling Following Supplemental In Camera Review, filed July 14, 2014 (Dkt. #55), familiarity with which is presumed.

Under the latest scheduling order, all discovery was to have been completed by September 26, 2014, and after a prefiling conference is held before Judge Arterton, all dispositive motions are to be filed by October 27, 2014. (Dkt. #62; see also Dkts. ##60-61).

Presently pending before the Court is defendants' Motion for a Protective Order and to Quash Plaintiff's Notice for a Further Deposition of Defendant Steven Zion, filed August 25, 2014 (Dkt. #58),[1] as to which plaintiff filed her brief in opposition and Request [for] Leave to Reopen Deposition on September 15, 2014. (Dkt. #63).[2] Defendants filed their

---

[1] Two exhibits were attached: copy of Notice of Continued Deposition, dated August 12, 2014 (Exh. A), and excerpts from the deposition of David G. Massad II, taken on October 22, 2013 ["Massad Depo."](Exh. B).

[2] Attached to the brief were copies of unpublished court decisions as well as the following five exhibits: excerpts from the deposition of defendant Steven Zion, taken on January 15, 2014 ["Zion Depo."](Exh. A); copy of Defendants' Compliance with Initial Discovery Protocols for

reply brief two weeks later. (Dkt. #67).[3] On August 26, 2014, Judge Arterton referred this motion to this Magistrate Judge. (Dkt. #59).

In this motion, defendant Zion argues that he was deposed for a full day on January 15, 2014,[4] for a total of 228 pages of deposition transcript, but that plaintiff is now seeking a continued deposition, based upon defendant Zion's production, thirteen days later, of copies of handwritten notes (some of which were marked at plaintiff's deposition, which was held before defendant Zion's deposition), of copies of the defendant-dealership's advertising budget from 2008-2011 (also marked as exhibits during plaintiff's deposition), of color photographs of defendant Zion's residence while plaintiff was still residing there, and of a one-page list of prescription medications plaintiff was taking. (Dkt. #58, at 2-4).

A month after defendant Zion's deposition, plaintiff served a Second Request for Production of Documents, in response to which defendants provided the defendant-dealership's annual financial statements from 2008-2011 and defendant Zion's reimbursement requests for these same years; the balance of the discovery sought became the subject of motion practice, which was resolved in the June and July discovery rulings, following two separate in camera reviews. (Id. at 4). Defendant Zion objects to a continued

---

Employment Cases Alleging Adverse Action, dated January 18, 2013 (Exh. B); copy of Re-Notice of Deposition, dated September 30, 2013 (Exh. C); additional excerpts from the Massad Deposition (Exh. D); and copy of letter from defense counsel, dated February 28, 2014 and errata sheet from the Zion Deposition (Exh. E).

[3]The following five exhibits were attached: copies of notes between plaintiff and defendant Zion (Exh. A); copy of Re-Notice of Deposition, dated January 2, 2014 (Exh. B); copy of Plaintiff's Third Request for Admission of Facts, dated August 28, 2014 (Exh. C); copy of Amended Complaint, dated October 25, 2011, filed in the Connecticut Superior Court in New Haven, in Miller v. Massad-Zion Motor Sales Co., Inc., No. NNH-CV11-6023229-S (Exh. D); and copy of Re-Notice of Deposition, dated September 24, 2014, in the state case (Exh. E).

[4]The motion contains a small typographical error, indicating that the deposition was taken on January 15, 2015, a date which has not occurred yet. See also Dkt. #63, Exh. A.

deposition on the basis of the newly disclosed documents when plaintiff already was in possession of some of them (regarding the GPS tracking service), or did not request them until after defendant Zion's deposition was completed (the defendant-dealership's 2011 tax returns, the defendant-dealership's financial statement, or defendant Zion's reimbursement requests); defendant Zion further asserts that the errata sheet does not entitle plaintiff to a continued deposition. (Id. at 4-8).

In opposition, plaintiff argues that her counsel specifically reserved the right to hold defendant Zion's deposition open for inquiry regarding the notes that he had not produced yet. (Dkt. #63, at 1-2 & Zion Depo. at 12-13). In addition, plaintiff's counsel specifically reserved "keeping the deposition open as warranted by the supplemental production . . .[,]" which plaintiff contends calls into question defendant Zion's prior testimony regarding severe cuts in pay to himself, his son, and the sales department, a position contradicted by the defendant-dealership's Vice-President, David Massad. (Id. at 2-4 & n.1; Zion Depo. at 223, 105-06; Massad Depo. at 72).[5] Lastly, plaintiff argues that defendant Zion's "substantial changes" to the transcript on his errata sheet "render his testimony on essential issues incomplete and/or useless absent further testimony." (Id. at 4-5 & Exh. E).

In their reply brief, defendants counter that no exception has been made under FED. R. CIV. P. 30(d)(1) to extend defendant Zion's deposition beyond seven hours (Dkt. #67, at 1-2), that plaintiff already was in possession of the notes prior to defendant Zion's deposition (id. at 2 & Exh. A), that defendants' defenses of financial decline and budget cuts were

---

[5]Plaintiff further posits that under car dealership accounting procedures, there should be thirteen financial statements a year, because in the thirteenth month, "most of the common errors and accruals are adjusted accordingly." (Id. at 3-4). In their reply brief, defendants represent that they "recently" have provided these thirteen month financial statements, so that plaintiff "has the complete financial records[.]" (Dkt. #67, at 5).

already known to plaintiff starting in 2011 so that this information is not "new" to plaintiff and was not sought until after defendant Zion's deposition (id. at 3-5), that the discovery sought can be obtained through other sources, namely plaintiff's Third Request for Admissions of Facts, containing eighty-five separate requests for admissions of fact,[6] as well as defendant Zion's deposition, scheduled for October 14, 2014, in the related state court action (id. at 5-7 & Exhs. C-E), and that defendant Zion's errata changes do not warrant a further deposition. (Id. at 7-9).

This matter is governed by FED. R. CIV. P. 30(a)(2)(B), which requires "leave of the court, [which] must [be] granted to the extent consistent with the principles stated in Rule 26(b)(2)," where "the person to be examined already has been deposed in the case," unless the parties stipulate otherwise. As in Vincent v. Mortman, No. 3:04 CV 491 (JBA)(JGM), 2006 WL 726680, at *2, n.4 (D. Conn. Mar. 17, 2006), plaintiff here did not seek such leave prior to her Notice of Continued Deposition, dated August 12, 2014 (Dkt. #58, Exh. A), but only in response to defendants' motion; however, consistent with the Vincent ruling, this Magistrate Judge nonetheless will permit plaintiff's request, nunc pro tunc, given the somewhat extensive motion practice in this action to date.

The Vincent decision observed that "[u]nder Rule 30(a)(2)(B), courts 'frequently permit a deposition to be reopened where the witness was inhibited from providing full information at the first deposition' or 'where new information comes to light triggering questions that the discovering party would not have thought to ask at the first deposition.'" Id. at *1, quoting Keck v. Union Bank of Switzerland, No. 94 CIV. 4912 (AGS)(JCF), 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997)(multiple citations omitted). See also Sentry Ins. v.

---

[6]The deadline for defendants to respond has been extended until October 10, 2014. (Dkts. ##65-66).

Brand Mgmt. Inc., Nos. 10-CV-347 (ENV), 11-CV-3966 (ENV), 2012 WL 6617357, at *7 (E.D.N.Y. Dec. 19, 2012)(Mann, M.J.); Sentry Ins. v. Brand Mgmt. Inc., Nos. 10-CV-347 (ENV), 11-CV-3966 (ENV), 2012 WL 3288178, at *7-8 (E.D.N.Y. Aug. 10, 2012)(Mann, M.J.); Ganci v. U.S. Limousine Serv. Ltd.,No CV 10–3027 (JFB)(AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011)(Tomlinson, M.J.), citing Vincent, 2006 WL 726680, at *1-2. As U.S. Magistrate Judge A. Kathleen Tomlinson found in Ganci, "[w]here the deposition is reopened because of newly discovered information, the questioning of the witness is limited to those questions relating to the newly produced information."  2011 WL 4407461, at *2, citing, inter alia, Vincent, 2006 WL 726680, at *2.

In this case, plaintiff is not entitled to reopen the deposition with respect to the handwritten notes, in that she already was in possession of them prior to defendant Zion's deposition and thus could have inquired about them had she chosen to do so.  The same is not true with respect to the extensive financial records, which plaintiff sought after defendant Zion's deposition was held and for which compliance was not complete until this Magistrate Judge issued three discovery rulings, following two separate in camera reviews. Under these circumstances, a reopened deposition, limited to the multiple financial records, would be appropriate.  However, as pointed out by defendants, plaintiff's Third Request for Admissions of Facts, dated August 28, 2014, with eighty-five separate requests for admissions of fact, covers most of the topics on which plaintiff would have questioned defendant Zion at a reopened deposition; of the eighty-five separate requests, only eight of them (Nos. 55-57, 81-85) concern issues other than economic/business matters that are directly related to all of these financial records. (Dkt. #67, at 5-6 & Exh. C). Thus, by the

end of this week,[7] plaintiff will have received the answers that she seeks, and a deposition on these issues/facts will not be necessary.

In contrast, a different conclusion is reached with respect to defendant Zion's two-page errata sheet. (Dkt. #63, Exh. E). This matter is governed by FED. R. CIV. P. 30(e), which permits a witness, upon the request of the witness or any party, to review a deposition transcript and to make changes "in form or in substance" within thirty days of notification that the transcript is available for review. As U.S. Magistrate Judge Katz explained in Hlinko v. Virgin Alt. Airways, No. 96 Civ. 2873 (KMW)(THK), 1997 WL 68563, at *1 (S.D.N.Y. Feb. 19, 1997), "[c]ourts generally construe Rule 30(e) broadly, to permit any changes to the deposition, even those having the effect of contradicting the original answers, regardless of how unconvincing the deponent's explanation for making the changes might be." (multiple citations omitted). In such circumstances, "a court may . . . reopen a deposition to allow for further cross-examination of the deponent if the changes to the transcript are so substantial as to effectively render it 'incomplete or useless without further testimony.'" Id. (citations omitted).

Defendants are correct that it would have been helpful to the Court to have had the relevant portions of defendant Zion's deposition transcript attached, as in Hlinko, so that the Court could more easily "determine whether the changes are substantive ones, and to what extent they contradict the deposition testimony." (Dkt. #67, at 9, citing Vertrue Inc. v. Meshkin, No. 3:05 CV 1809 (PCD), 2006 WL 2092624, at *10 (D. Conn. July 27, 2006)). Of the seventeen entries on the errata sheet, two of them are changes that do not appear to be momentous. (See, e.g., Dkt. #63, Exh. E, at 12, 196 (line 18)). However, for the

---

[7]See note 6 supra.

remaining fifteen entries, the corrected versions are quite lengthy (as opposed to defendant Zion's cryptic one-word to four-word deposition answers) and/or are at variance with defendant Zion's prior deposition testimony, a conclusion which can be reached even without the benefit of reading the relevant portions of the deposition transcript. (See, e.g. id. at 16 (all three entries), 28, 196 (line 12), 197, 198 (both entries), 199 (both entries), 210, 211, 215 (both entries), 216). Therefore, the situation here clearly falls within the parameters of the Hlinko decision, so that plaintiff is entitled to reopen defendant Zion's deposition <u>limited solely to these fifteen entries</u>; such deposition is not to exceed one hour. Given that defendant Zion is already being deposed in the related state action on October 14, 2014 (Dkt. #67, at 6-7 & Exhs. D-E), the parties shall hold this reopened deposition in this federal action either immediately before or immediately after his deposition in the state action that same day.

In light of the extended deadline for defendants' responses to the latest Requests for Admission, and the reopened deposition, the deadline for completing discovery is hereby delayed until **October 14, 2014**, and after a prefiling conference is held before Judge Arterton, all dispositive motions are to be filed by **November 14, 2014**.

Accordingly, defendants' Motion for a Protective Order and to Quash Plaintiff's Notice for a Further Deposition of Defendant Steven Zion (Dkt. #58) is <u>granted in part and denied in part to the extent set forth above</u>, and similarly, plaintiff's Request [for] Leave to Reopen Deposition (Dkt. #63) is <u>granted to the limited extent set forth above</u>.

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a), 6(e) & 72; and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

<u>See</u> 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen days after service of same);** Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; <u>Small v. Secretary, H&HS</u>, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated at New Haven, Connecticut, this 6th day of October, 2014.

/s/ Joan G. Margolis, USMJ  
Joan Glazer Margolis  
United States Magistrate Judge
